IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TUANJA EDWARD ANDERSON,

    Petitioner,               No. CIV S-05-1609 GEB KJM P

    vs.

ROSEANNE CAMPBELL,

    Respondent.           ORDER

_____/

        Petitioner is a state prisoner proceeding pro se with a petition for a writ of habeas corpus under 28 U.S.C. § 2254, together with an application to proceed in forma pauperis.

        Examination of the in forma pauperis application reveals that petitioner is unable to afford the costs of suit.  Accordingly, the application to proceed in forma pauperis will be granted.  See 28 U.S.C. § 1915(a).

        The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1).  If exhaustion is to be waived, it must be waived explicitly by respondents' counsel. 28 U.S.C. § 2254(b)(3).[1]  A waiver of exhaustion, thus, may not be implied or inferred.  A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before

---

[1] A petition may be denied on the merits without exhaustion of state court remedies. 28 U.S.C. § 2254(b)(2).

presenting them to the federal court. Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir.), cert. denied, 478 U.S. 1021 (1986).

The state court has had an opportunity to rule on the merits when the petitioner has fairly presented the claim to that court. The fair presentation requirement is met where the petitioner has described the operative facts and legal theory on which his claim is based. Picard, 404 U.S. at 277-78. Generally, it is "not enough that all the facts necessary to support the federal claim were before the state courts . . . or that a somewhat similar state-law claim was made." Anderson v. Harless, 459 U.S. 4, 6 (1982). Instead,

> [i]f state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

Duncan v. Henry, 513 U.S. 364, 365 (1995). Accordingly, "a claim for relief in habeas corpus must include reference to a specific federal constitutional guarantee, as well as a statement of the facts which entitle the petitioner to relief." Gray v. Netherland, 518 U.S. 152, 116 S. Ct. 2074, 2081 (1996). The United States Supreme Court has held that a federal district court may not entertain a petition for habeas corpus unless the petitioner has exhausted state remedies with respect to each of the claims raised. Rose v. Lundy, 455 U.S. 509 (1982).

From petitioner's habeas application, it appears petitioner has exhausted state court remedies with respect to claims three and four and has not exhausted state court remedies with respect to claims one and two. Petitioner thus appears to have two options. Within thirty days: (1) petitioner may file an amended habeas application omitting claims one and two and any other claims where petitioner has failed to exhaust state court remedies; or (2) file a request to stay this action pending exhaustion of state court remedies with respect to claims one and two. Petitioner is informed that to be entitled to a stay, he must show good cause for his failure to exhaust earlier, and that the unexhausted claims are potentially meritorious. Rhines v. Weber,

1 \_\_ U.S. \_\_, 125 S.Ct. 1528, 1535 (2005). Petitioner's failure to comply with one of these alternatives within thirty days will result in a recommendation that this action be dismissed.

Petitioner has also requested the appointment of counsel. There currently exists no absolute right to appointment of counsel in habeas proceedings. See Nevius v. Sumner, 105 F.3d 453, 460 (9th Cir. 1996). However, 18 U.S.C. § 3006A authorizes the appointment of counsel at any stage of the case "if the interests of justice so require." See Rule 8(c), Fed. R. Governing § 2254 Cases. In the present case, the court does not find that the interests of justice would be served by the appointment of counsel at the present time.

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's request to proceed in forma pauperis is granted;

2. Petitioner is granted thirty days within which to file a motion for a stay of this action pending the exhaustion of state court remedies with respect to claims one and two, or an amended petition for habeas corpus wherein petitioner asserts only claims that have been presented to, and rejected by the California Supreme Court;

3. The Clerk of the Court is directed to send petitioner a form application for writ of habeas corpus under 28 U.S.C. § 2254; and

4. Petitioner's September 2, 2005 request for appointment of counsel is denied without prejudice to a renewal of the motion at a later stage of the proceedings.

DATED: October 27, 2005.

_____
UNITED STATES MAGISTRATE JUDGE

/kf
ande1609.sty